THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE AYERS, Defendant-Appellant.

First District (3rd Division)   No. 1—89—2132

Opinion filed January 20, 1993.

Martin Carlson, of State Appellate Defender's Office, and Susan L. Mahoney, of Winston & Strawn, both of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Carol L. Gaines, and Carmen K. Aguilar, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Defendant Willie Ayers and Jerry Lockett were indicted for the offenses of murder and armed violence. (Ill. Rev. Stat. 1985, ch. 38, pars. 9—1(a), 33A—2.) Prior to trial, the armed violence count was dropped. Additionally, Lockett's case was separated from that of defendant. Following a jury trial, defendant was found guilty of murder and sentenced to 30 years' imprisonment. It is from the judgment of conviction that defendant appeals to this court.

On appeal, defendant argues that: (1) he was denied a fair trial due to improper and prejudicial testimony regarding "mug shots"; (2) the trial court erred in refusing to instruct the jury as requested by the defense; (3) the trial court improperly denied his motion to produce the names of alleged informers; (4) the trial court erred in denying his motion to suppress the written statement because the State failed to provide all material witnesses; and (5) he was denied a fair trial due to improper and prejudicial remarks made by the State in closing argument. We affirm.

On May 15, 1987, at approximately 11:20 p.m. Donald Johnson was murdered by being shot in the face with a sawed-off shotgun. It is the State's contention that defendant and Lockett were responsible for this brutal act. Defendant submits that he is not guilty of the charge.

Prior to trial, defendant filed motions to quash arrest and suppress evidence, to produce the names of witnesses, and to suppress defendant's statement given to the police after arrest. The motion to suppress defendant's statement and the motion to quash arrest and suppress evidence were denied. However, no ruling was obtained regarding the motion to produce witnesses.

At trial, the State presented a witness who saw defendant and Lockett flee from the scene of the shooting moments after it occurred. Defendant, in a written statement given to the police, admitted involvement with Lockett in the shooting.

Defendant urges that he was denied a fair trial due to improper and prejudicial testimony regarding "mug shots." At trial, Detective Thomas Lahm of the Chicago police department and Ms. Bernita Brown testified about the circumstances of Brown's identification of defendant as one of the gunmen who fled the gangway, where Johnson was killed, immediately after the shooting. However, the trial court was conscious of the potential for prejudice against defendant that might result from publication of the fact that he had a criminal record. Accordingly, it admonished the State to avoid any reference to defendant's photograph as a "mug photo," "mug shot," or it having been selected out of a "mug book." The trial court also prevented mention of any "past arrest," "booking," or "past photographing." Consequently, none of the aforementioned prohibited references were made. The only terms applied at trial to this evidence were "photos," "photographs," and "photo books." In addition, the trial court prevented the jury from viewing any photograph of defendant which bore the "IR" or "CB" numbers used by law enforcement agencies.

Speaking to this issue, the Illinois Supreme Court stated:

"It is well established that evidence of other offenses is not admissible for the purpose of showing the defendant's disposition or propensity to commit crime. [Citation.] Such evidence is admissible, however, where relevant to prove *modus operandi*, intent, identity, motive or absence of mistake. [Citations.] In fact, this court has held that evidence of other offenses is admissible if it is relevant for any purpose other than to show the propensity to commit crime. [Citations.] When evidence of other crimes is offered, the trial judge must weigh its probative value against its prejudicial effect [citation], and may exclude the evidence if its prejudicial effect substantially outweighs its probative value. [Citations.]" *People v. Illgen* (1991), 145 Ill. 2d 353, 364-65, 583 N.E.2d 515.

See also *People v. Thingvold* (1991), 145 Ill. 2d 441, 584 N.E.2d 89.

■ In applying the above standard to this case, we cannot conclude that the trial court abused its discretion in allowing mention of these photographs. We believe that any prejudicial effect that defendant might have suffered was minimal. This is due to the measures the trial court took to prevent such prejudice from occurring. Accordingly, we perceive no error in the trial court's weighing of

such evidence's prejudicial effect against its probative value to show identity and concluding it proper to admit such evidence at trial.

■ Defendant next advances that the trial court erred in refusing to instruct the jury as requested by the defense. Defendant requested that the trial court instruct the jury with a nonpattern jury instruction which stated that "mere presence at the scene of the crime is insufficient to prove guilt of that crime." The trial court declined to make such an instruction and, instead, utilized a number of pattern instructions, including Illinois Pattern Jury Instruction, Criminal, No. 5.03 (2d ed. 1981), which addresses the law of accountability. Thus, defendant believes that he was denied the opportunity to present his theory of the case. We disagree.

"Approved pattern instructions are to be used generally, and may be modified or supplemented only when the facts of the particular case make them inadequate. The decision whether to give a tendered nonpattern instruction is always within the discretion of the trial court. [Citation.]" (*People v. Mitchell* (1984), 129 Ill. App. 3d 189, 199-200, 472 N.E.2d 114.) We agree with the State that the holdings of *People v. Thomas* (1988), 175 Ill. App. 3d 521, 529 N.E.2d 1071, and *People v. Johnson* (1986), 150 Ill. App. 3d 1075, 502 N.E.2d 304, are controlling of this issue.

In *Thomas*, the court held that the trial court properly rejected an instruction, similar to the one proffered by the defendant in this case, where the trial court gave instructions which fully and accurately instructed the jury on the law of accountability. In *Johnson*, the court found that the defendant's proffered jury instruction, that mere presence at the scene of the crime was not sufficient to prove a person accountable, was properly rejected in a murder trial where the record established that the defendant took affirmative acts in the murder of the victim. In this case, the record demonstrates that defendant functioned as a lookout while Lockett shot Donald Johnson. Consequently, given defendant's role in this matter, we find no error in refusing the proffered instruction when it fully and accurately instructed the jury on the law of accountability.

■ Next, the State has urged that defendant has waived review of the remaining three issues raised in this appeal. Addressing this issue, our supreme court has stated that absent plain error, "*[b]oth* a trial objection *and* a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial." (Emphasis in original.) *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274; see also *People v. Nevitt* (1990), 135 Ill. 2d 423, 441, 553 N.E.2d 368.

With respect to the third issue, both defendant and the State cite to two instances in the record as a dispositive ruling by the trial court on defendant's motion to produce. However, after carefully reviewing the record we cannot concur in this interpretation of the proceedings. Rather, we find that there was no ruling by the trial court on this issue. Regarding the necessity of securing a ruling on a motion, the supreme court stated:

"As we have recently noted, and hope to soon impress upon practitioners within this State, a movant has the responsibility to obtain a ruling on his motion if he wishes to raise a question pertaining thereto on appeal, and where a party, as here, acquiesces in proceeding in a given manner, he is not in a position to claim he was prejudiced thereby [citation]." *People v. Neal* (1990), 142 Ill. 2d 140, 151-52, 568 N.E.2d 808, *cert. denied* (1991), 502 U.S. 943, 116 L. Ed. 2d 333, 112 S. Ct. 382.

See also *People v. Blount* (1991), 220 Ill. App. 3d 732, 580 N.E.2d 1381.

In the first instance regarding defendant's motion to produce, the trial judge merely stated the general rule with regard to the informant's privilege in Illinois. The trial judge further stated that he would have to determine the status of each of the individuals in question and "then I'll rule on the motion to produce them or to reveal who they are."

The second instance in the record is similarly not a ruling on the issue. The trial judge, during a hearing on the various motions filed, again stated the general rule on the informant's privilege and asked a testifying witness if the individuals in question requested anonymity. No ruling was made at that point. In fact, after the witness responded to the trial judge's query, defense counsel immediately resumed questioning the witness on the matter.

Thus, no dispositive ruling was ever made by the trial court on this matter. It appears that both defense counsel and the prosecution just proceeded to trial on the assumption that the trial court had ruled in favor of the State. Accordingly, we find that the third issue raised on appeal by defendant is not cognizable for failure to have obtained a ruling on it from the trial court.

Alternatively, assuming, *arguendo*, that either or both of these instances in the proceedings amounted to a ruling on the motion, we conclude that defendant has waived review as he failed to make a contemporaneous objection to the trial court's ruling. *Enoch*, 122 Ill. 2d at 186.

With respect to the fourth issue, the propriety of the trial court's denying defendant's motion to suppress the written statement, we

find that defendant has waived this issue by failing to make an objection at the suppression hearing on the motion. *Enoch*, 122 Ill. 2d at 186.

■ With respect to the fifth issue, that defendant was denied a fair trial due to improper and prejudicial remarks made by the State in closing argument, after a careful review of the record we must agree with the State's argument that defendant has waived his right to review of all but one of the allegedly improper remarks. Defendant did so by failing to contemporaneously object to the cited remarks at trial. *Nevitt*, 135 Ill. 2d at 441-42; *People v. Adams* (1985), 109 Ill. 2d 102, 116, 485 N.E.2d 339.

In reference to allegedly improper prosecutorial remarks made in closing argument, the supreme court in *People v. Cisewski* (1987), 118 Ill. 2d 163, 514 N.E.2d 970, stated:

> "In reviewing the defendant's allegations of error here, we first note that a prosecutor is allowed a great deal of latitude in making the closing argument [citations], and the trial court's determination of the propriety of the argument will generally be followed absent a clear abuse of discretion [citation]. To constitute reversible error, the complained-of remarks must have resulted in substantial prejudice to the accused, such that absent those remarks the verdict would have been different [citation]. In reviewing allegations of prosecutorial misconduct, the closing arguments of both the State and the defendant must be examined in their entirety and the complained-of comments must be placed in their proper context. [Citations.]" *Cisewski*, 118 Ill. 2d at 175-76.

See also *People v. Thompkins* (1988), 121 Ill. 2d 401, 521 N.E.2d 38, *cert. denied* (1988), 488 U.S. 871, 102 L. Ed. 2d 156, 109 S. Ct. 187.

The allegedly improper remark is contained in the following exchange:

> "[PROSECUTOR:] Now, some of you, indeed, maybe all of you might find, based on the statement and the circumstances, that Willie Ayers was just cutting himself out of his real involvement. You notice that Willie Ayers in his statement puts all the blame on Jerry Lockett.
>
> You might infer from the evidence, particularly the evidence of him running out of the gangway with the sawed-off shotgun in hand, that he is the person that shot Donald Johnson.
>
> [DEFENSE COUNSEL]: Objection, Judge, there is absolutely no evidence that Mr. Ayers shot anybody.
>
> THE COURT: The jury may consider the evidence and reasonable and logical inferences that they may draw from the evidence."

It is defendant's contention that the above comments by the prosecutor were improper as there was no direct evidence that defendant did the actual killing. We disagree.

We believe the trial court correctly stated and applied the law in this instance when it allowed the prosecutor to comment upon the evidence and draw all reasonable inferences therefrom. (See *Thompkins*, 121 Ill. 2d at 445; *People v. Albanese* (1984), 102 Ill. 2d 54, 77-78, 464 N.E.2d 206, *cert. denied* (1984), 469 U.S. 892, 83 L. Ed. 2d 517, 105 S. Ct. 268; *People v. Yates* (1983), 98 Ill. 2d 502, 532, 456 N.E.2d 1369, *cert. denied* (1984), 466 U.S. 98, 80 L. Ed. 2d 836, 104 S. Ct. 2364.) We believe it not an unreasonable inference to draw that defendant could have been the gunman when a witness testifies, as was the case here, that she heard a gunshot in the gangway where Donald Johnson was murdered and then moments later defendant came running out of the same gangway with a shotgun in his hand. Thus, we perceive no abuse of discretion by the trial court in permitting these statements by the prosecution.

Accordingly, for the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI and GREIMAN, JJ., concur.